Filed 11/26/14  P. v. Lang CA1/2

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>v.<br><br>CURTIS ALEXANDER LANG,<br><br>　　　　Defendant and Appellant. | A140619<br><br>(Contra Costa County<br>Super. Ct. No. 5-131144-8) |

　　　　Counsel appointed for defendant has asked this court to independently examine the record in accordance with *People v. Wende* (1979) 25 Cal.3d 436, to determine if there are any arguable issues that require briefing.  Defendant was apprised of his right to file a supplemental brief, but he did not do so.  We have conducted our review, conclude there are no arguable issues, and affirm.

　　　　Our examination reveals that in the early morning hours of August 26, 2012, the Richmond Fire Department was called to a vehicle fire at the intersection of Wilson and San Pablo Avenue.  According to Fire Captain Richard Abercrombie, a vehicle later identified as belonging to Lang had hit a parked car and both cars were on fire.

　　　　Abercrombie saw that the driver's side door of Lang's car was open and Lang was sitting in the driver's seat.  Lang was "unresponsive" until he was pulled out of the car and onto the curb.  At that point, Abercrombie observed that Lang appeared to be intoxicated.  Specifically, Lang was "slurring his words, unaware of his environment, unaware of what was going on at the time," and Abercrombie detected the "odor of alcohol."

1

Richmond Police Officer Phil Sanchez arrived on the scene shortly thereafter. Sanchez testified that when he approached Lang, he (Sanchez) smelled alcohol and observed that Lang was "extremely intoxicated." He "observed the objective symptoms of bloodshot, watery eyes, excessively slow/slurred speech, a strong odor of an alcoholic beverage on his breath and person as well as an unsteady gait or unsteady/unbalanced walk."

In fact, after Lang was placed under arrest, transported to county jail, and submitted to a chemical blood test, his blood alcohol content was .249 on the first sample and .247 on the second sample. Contra Costa County criminalist John Udowski described these blood alcohol levels in a man of Lang's size as being equivalent to about 13 drinks.

Defense investigator Paige Devereuax testified that when she interviewed Abercrombie over the phone he told her that he "didn't remember a lot of the details [of the incident]." When she asked him whether Lang's car was running when he arrived on scene, Abercrombie said "he didn't really remember but he would assume that it was not running, due to the condition of the vehicle." Abercrombie also did not tell her he had found the keys to Lang's car.

Lang was charged by information with violating section 23152, subdivisions (a) and (b). The information also alleged that he had suffered three prior drunk driving convictions within ten years (§23550).

The jury found Lang guilty on both counts and following a hearing on the section 23550 allegation the court found that Lang had suffered three prior drunk driving convictions within the last ten years.

The court denied Lang probation. Instead, it imposed a split two-year midterm sentence in which Lang was to spend one year in county jail and the following year on supervised probation. The court also designated Lang "a habitual offender pursuant to 13350(b) of the Penal Code" and revoked his driving privileges for four years.

The court ordered Lang to abide by certain terms and conditions of probation. In particular, the court ordered Lang to participate in and complete an alcohol treatment

program, to abstain from the use of alcoholic beverages, to refrain from driving while consuming any alcoholic beverages, and not to enter any place where consumption of alcoholic beverages is the primary source of business.  The court required Lang to "submit to drug alcohol detection tests as directed by the probation officer. . . ."  The court also ordered Lang to pay up to ten dollars for the cost of alcohol testing, with the provision that should he be unable to pay those costs, he return to the court for a hearing on that issue.

Lang was also ordered to pay all fines and restitution, and submit to search and seizure at any time

This timely appeal followed.

The trial court did not exclude evidence that should have been received nor receive evidence it should have excluded.

There was no instructional error.

There is no question of appellant's mental competency to stand trial.

Appellant was at all times effectively represented by able counsel. There was no prosecutorial misconduct or reason to believe there may have been juror misconduct.

The sentence imposed was in all respects lawful.

Accordingly, there was no legal error.

The judgment is affirmed.

_____

Richman, J.

We concur:

_____

Kline, P.J.

_____

Stewart, J.